**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTWYNE WHALEY<br><br>v.<br><br>KOHL'S DEPARTMENT STORES et al. | CIVIL ACTION<br><br>NO. 22-1041 |

<u>**MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS**</u>

**Baylson, J.**                                                        **May 18, 2022**

## I.     Introduction

Defendants Kohl's, Inc. (misnamed as "Kohl's Department Stores" in the Complaint caption), Karen Byard, and Joan Buckley have filed a Motion to Dismiss (ECF 3) in this case arising from an incident at a Kohl's store. Plaintiff Antwyne Whaley, who is proceeding pro se, alleges that he was racially discriminated against by Kohl's employees. Defendants seek dismissal of Plaintiff's Complaint.

## II.     Background and Factual Allegations

As alleged by Plaintiff, the events giving rise to this action are as follows. On February 29, 2020, Plaintiff Antwyne Whaley entered a Kohl's store in Havertown, Pennsylvania. Whaley was shopping for shoes and found a pair that he was interested in. The shoes had a flex wire alarm attached, making them difficult to try on. Whaley asked an employee, Defendant Karen Byard, if she could remove the alarm so that he could more easily try the shoes on. Byard refused. Another employee, Nicole Sgro, informed Whaley that the store policy was to not allow removal of the alarm until the shoes were purchased. (Compl. ¶¶ 3–8.)

Whaley then purchased the shoes and attempted to try them on. Realizing that the alarm had still not been removed, Whaley returned to the cashier and requested that this be done. The

alarm was removed, and Whaley tried on the shoes.  Finding that the shoes did not fit comfortably, Whaley returned them.  Whaley also requested to speak with a supervisor, Defendant Joan Buckley.  Whaley told Buckley that he had never been in a store before where a customer had to purchase shoes before trying them on, and that he had previously been in the same store with two white friends who had been allowed to try on shoes without purchasing them first.  Whaley also told Buckley that after his friends had purchased shoes, the alarm was immediately removed. (Compl. ¶¶ 9–14.)

After filing a complaint with the Pennsylvania Human Rights Commission, Plaintiff brought suit against Defendants in the Delaware County Court of Common Pleas.  Plaintiff alleges that Defendants racially discriminated against him in violation of the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, et seq.  Plaintiff seeks both damages and a declaratory judgment that Defendants violated his civil rights.  (Compl. ¶¶ 17–21.)

Defendants removed the action to federal court (ECF 1) and moved to dismiss both Counts. Plaintiff filed a Response (ECF 6).

## III.  Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002).  To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'"  Id. (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).  Importantly, "threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding pro se, the Court must "liberally construe" his pleadings. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).  In a pro se case, a court should "be flexible when applying procedural rules" and "apply the relevant legal principle even when the complaint has failed to name it."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. at 245.

## IV.    Discussion

The PHRA provides in relevant part that "[i]t shall be an unlawful discriminatory practice" for an owner, manager, or employee of a public accommodation to "refuse, withhold from, or deny to any person because of his race . . . any of the accommodations, advantages, facilities or privileges of such public accommodation."  43 P.S. § 955(i).  "This provision is Pennsylvania's state-law analog to Title II of the Civil Rights Act of 1964, the purpose of which was to 'vindicate "the deprivation of personal dignity that surely accompanies denials of equal access to public establishments."'"  Sayed-Aly v. Tommy Gun, Inc., 170 F. Supp. 3d 771, 775 (E.D. Pa. 2016) (Leeson, J.) (citations omitted).

Assuming, arguendo, that a refusal to remove the alarm prior to purchase constitutes a denial of an accommodation, advantage, or privilege, Plaintiff has adequately pleaded that his treatment at Kohl's was based on his race.  Although Plaintiff does not allege that his two white friends who shopped at the same store were allowed to try on shoes with the alarm removed prior to purchase or that they interacted with the same employees,  Plaintiff does appear to allege that the alarm was immediately removed from the shoes purchased by his white friends, which

distinguishes their experience from his.  (Compl. ¶ 14.)  Plaintiff's pro se allegations may allow a jury to infer that this delay in removing the alarm from the shoes was due to his race.  Defendants may persuade a jury that this action was not deliberate, but rather an oversight, as the alarm seems to have been promptly removed upon Whaley's request.

V.      **Conclusion**

For the foregoing reasons, the Court will deny Defendants' Motion.  An appropriate Order follows.

O:\CIVIL 22\22-1041 Whaley v. Kohl's\22cv1041 Memorandum re MtD.docx